UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN CUSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 22-1446-CSB |
| | ) |
| BRAD JOHNSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

**COLIN S. BRUCE, U.S. District Judge:**

Plaintiff John Custer, proceeding *pro se*, is a detainee at the Peoria County Jail ("the Jail"). The Court granted Plaintiff leave to proceed *in forma pauperis*, and the case is now before the Court for a merit review of his claims. Because Plaintiff is a prisoner for purposes of the Prison Litigation Reform Act, the Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Complaint and, through such process, to identify and dismiss any legally insufficient claim or the entire action, if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts

must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff's allegations are insufficient to state a claim upon which relief can be granted. Plaintiff's Complaint contains a serious of somewhat non-sensical statements and legal conclusions. In order to state a violation of his Fourteenth Amendment Due Process rights, Plaintiff must allege sufficient facts with which to demonstrate who violated his Constitutional rights and how. Statements such as "I injured my back" and "Defendant neglected me" are insufficient. To state a medical claim under the Fourteenth Amendment, a plaintiff must allege facts with which to demonstrate that the defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of the plaintiff's medical situation or condition. *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). In addition, the plaintiff must allege facts demonstrating that the challenged conduct was objectively reasonable. *Id.* Plaintiff's Complaint fails to contain facts with which to demonstrate either of these elements.

Nevertheless, before dismissing this case, the Court will give Plaintiff an opportunity to try to amend his Complaint. Plaintiff must remember that, if he tries to amend, Plaintiff must include facts in his amended complaint to show that the named Defendant was personally involved in depriving him of his rights and how. *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010)(quoting *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)). Generalized allegations of wrong-doing and general claims that a

person is "in-charge" are insufficient to state a claim upon which relief can be granted under § 1983.

**IT IS, THEREFORE, ORDERED:**

    1.    **Plaintiff's Complaint is dismissed because it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A; Fed. R. Civ. Pro. 12(b)(6).**

    2.    **Plaintiff is given leave to file a proposed amended complaint that complies with the dictates of this Order.**

    3.    **Plaintiff should file his proposed amended complaint within thirty (30) days from the date of this Order.**

    4.    **If Plaintiff fails to do so timely, the Court will dismiss this case.**

Entered this 8th day of May, 2023

                                                  /s Colin S. Bruce
                                                   COLIN S. BRUCE
                                        UNITED STATES DISTRICT JUDGE